DAVID L. AND LAURIE BIERER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bierer v. Commissioner
Docket No. 19578-89
United States Tax Court
T.C. Memo 1991-199; 1991 Tax Ct. Memo LEXIS 223; 61 T.C.M. (CCH) 2542; T.C.M. (RIA) 91199; May 9, 1991, Filed *223 Decision will be entered for the respondent. David L. Bierer, pro se. Stephen S. Ash, for the respondent. DINAN, Special Trial Judge. DINAN
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Addition to Tax [2]
Year
Deficiency Sec. 6653(a)(1)
Sec. 6653(a)(2)
1985
$ 4,094  $ 205  * *224 1986
2,071
104
** The issues presented for decision are: (1) Whether petitioners are entitled to deduct certain employee business expenses for the 1985 and 1986 taxable years; (2) whether petitioners are entitled to deduct contributions to the Truth Fellowship, Inc. for the 1985 and 1986 taxable years; (3) whether petitioners are entitled to deduct certain claimed miscellaneous itemized expenses for the taxable years 1985 and 1986; and (4) whether petitioners are liable for additions to tax under section 6653(a)(1) and 6653(a)(2) for the years in issue. Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated by this reference. Petitioners resided in Tucson, Arizona, at the time they filed their petition. When this case was called for trial at Phoenix, Arizona, David L. Bierer (petitioner) submitted a 215-page document entitled "The Spirit Of Liberty, The Constitution And The -I.R.S.- Concerning Jurisdiction" (the Liberty document). The Liberty document consisted of nine exhibits which are as follows: (1) The *225 Deity - Jurisdiction; (2) Constructive Notice to the IRS; (3) Unconstitutional Practice of the Private Interest Group - the Federal Reserve; (4) Declaration of Sovereignty and the Jurisdiction of Truth; (5) United States Jurisdiction; (6) Positive Law - Tax Code Not Positive Law; (7) From John Swift Society Work on National vs. Federal Concepts of Law and the Federal Fraud; (8) A Document Explaining Legal vs. Illegal Taxation; and (9) The Forgotten Ninth Amendment by Bennett B. Patterson - the Decision is for the Individual if the Power is Not Clearly Defined by the Constitutional Governments. Aside from submitting the Liberty document, petitioner refused to discuss or present evidence concerning the issues to be decided by the Court. The Court invited petitioner six times to explain or submit evidence to support the claimed deductions for 1985 and 1986. Petitioner instead repeatedly objected to the Internal Revenue Service's authority or jurisdiction, citing as his authority the Liberty document. The determination of respondent, as contained in his statutory notice of deficiency, is presumed to be correct. Petitioner bears the burden of proving that respondent erred in his *226 determination. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 78 L. Ed. 1348, 54 S. Ct. 788 (1934); Welch v. Helvering, 290 U.S. 111, 115, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). Petitioner's arguments in Court at the trial of this case served no useful purpose. He did not introduce any evidence to dispute respondent's determination. Petitioner had no intention of addressing the substantive issues before the Court for trial. Moreover, petitioner resisted every effort made by the Court to encourage him to address these issues. In sum, petitioner has failed to carry his burden of proof that respondent's determinations as to the disputed items and additions to tax are incorrect. Accordingly, respondent's determinations are sustained. It is apparent that petitioner brought this action purely for purposes of delay. His arguments before this Court were patently frivolous. Section 6673 provides that the Tax Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000 where it appears that the taxpayer's position in the proceedings is frivolous, groundless, or instituted primarily for delay. Section 6673(a), as amended by section 7731 of the Omnibus *227 Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400. The Court concludes that the provisions of section 6673 are applicable to this case. Accordingly, we hold that petitioner is required to pay to the United States a penalty in the amount of $ 3,000. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sections 6653(a)(1) and (2) have been redesignated for taxable year 1986 as section 6653(a)(1)(A) and (B), respectively. Tax Reform Act of 1986, Pub. L. 99-514, sec. 1503(a), 100 Stat. 2742.↩
*. 50% of the interest due on $ 4,094↩
**. 50% of the interest due on $ 2,071 ↩